UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY HAYDEN, individually and as plaintiff ad litem, ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Case No.  4:12CV2030 DDN |
| ) | |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) | |

**DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS COUNT II**

COMES NOW Defendant United States of America, by and through his attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Roger A. Keller, Jr., Assistant United States Attorney for said District, and in Support of its Motion to Dismiss Count II of Plaintiff's Complaint pursuant to Rules 12(b)(1) and (6) states:

**I. Introduction**

Count II should be dismissed because: (1) Plaintiff lacks standing and failed to exhaust her administrative remedies; and (2) it fails to state a claim.  First, Plaintiff lacks standing because she is not authorized to represent the decedent's estate.  She also failed to exhaust her administrative remedies because she did not present a complete claim to the Department of Veterans Affairs (DVA), i.e., both her authority to represent the decedent's estate and the lost chance of survival claim.  Second, Count II alleges no facts suggesting that it is impossible for a medical expert to testify that the decedent would have survived but for defendant's negligence.  The "impossibility" requirement is an essential element for a lost chance claim.  Instead, Count II merely re-alleges the same negligence and careless conduct allegations as alleged in the wrongful death claim, Count I.

## II. Facts

Plaintiff, Ronald J. Hayden's (Decedent) surviving spouse, presented a $2,000,000 wrongful death claim to the Department of Health and Human Services (HHS).[1] Complaint at ¶ 6, Attachment A ¶ 12(c). To support her claim, an expert witness opined that Defendant's failure "to meet the standard of care caused or contributed to cause [Decedent's] death." Exhibit 1 at p. 4. He did not opine that it was "impossible" to determine if Defendant's conduct caused Decedent's death. Additionally, Plaintiff did not claim personal injury damages or present evidence that she represented the Deceased's estate. Complaint at ¶ 6, Exhibit A at ¶ 12(b).

Plaintiff subsequently filed a two count Complaint against the Defendant in which she alleges that she "is or will be Plaintiff ad Litem . . . ." Complaint at ¶ 19. Count I - - wrongful death - - alleges that Defendant's conduct caused the Decedent's death. Complaint at ¶ 16. Specifically, it alleges that:

> a. Defendant negligently and carelessly failed to treat Decedent's hypoglycemia; b. Defendant negligently and carelessly failed to advise admission to the hospital to treat Decedent's severe hypoglycemia; c. Defendant negligently and carelessly failed to perform interventions to raise Decedent's blood glucose level; d. Defendant negligently and carelessly failed to control Decedent's hypoglycemia; e. Defendant negligently and carelessly discharged Decedent to home following his clinic appointment; and f. Other negligent and careless acts that discovery and other evidence will reveal.

Complaint at ¶ 16 a-f. Similarly, Count II - - lost chance - - alleges that the same conduct also caused Decedent's lost chance. Complaint at ¶ 21 a-f. Count II does not, however, allege that it is impossible to establish that Decedent died as a result of Defendant's conduct.

---

[1] Plaintiff erroneously filed her claim with the wrong agency. Pursuant to 28 C.F.R. § 14.2, HHS transferred the claim to DVA. Exhibit 1 at p. 1.

## III. Argument

"[S]overeign immunity shields the Federal Government and its agencies from suit." Mader v. United States, 654 F.3d 794, 797 (8th Cir. 2011). The Federal Tort Claims Act (FTCA) is a limited waiver that "permit[s] persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." Id. When Congress waives sovereign immunity, it may require a claimant to exhaust her administrative remedies before suing in federal court. McElrath v. United States, 102 U.S. 426, * 440, 1880 WL 18929, ** 11 (1880); 28 U.S.C. § 2675(a). In a FTCA lawsuit, the federal government is only liable to the extent that a private person is liable. Mader, 654 F.3d at 797, citing, 28 U.S.C. §§ 1346(b)(1) and 2674. In other words, to hold the government liable, a plaintiff must prove the same elements necessary to hold a private defendant liable. Mader, 654 F.3d at 808; Lozada for and on behalf of Lozada v. United States, 974 F.2d 986, 988 (8th Cir. 1992).

### A. This Court Lacks Subject Matter Jurisdiction Over Count II Because Plaintiff Lacks Standing, Failed to Present Evidence of Her Authority to Bring the Claim, and Failed to Present the Claim Itself.

#### 1. Rule 12(b)(1) Standard of Review

If a court lacks subject matter jurisdiction it must dismiss the claim. Fed.R.Civ.P. 12(b)(1). The party asserting federal jurisdiction must prove jurisdiction exists. Midland Psychiatric Associates, Inc. v. United States, 145 F.3d 1000, 1003 (8th Cir. 1998). A Rule 12(b)(1) motion may attack a complaint either facially or factually. Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). In a facial attack - - such as challenging standing - - courts "accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." A.J. ex rel. Dixon v. Unum, 696 F.3d 788, 789 (8th Cir. 2012). In a factual attack, "[t]rial courts have wide

3

discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdiction facts . . . ." Johnson v. United States, 534 F.3d 958, 964 (8th Cir. 2008). Furthermore, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Osborn, 918 F.2d at 730.

### 2. This Court Lacks Subject Matter Jurisdiction.

This Court lacks subject matter jurisdiction over Count II because Plaintiff lacks standing, and she failed to exhaust her administrative remedies. First, Plaintiff lacks standing to bring a lost chance claim because, based on her Complaint, she is not authorized to represent Decedent's estate. Instead, she is merely a *prospective* plaintiff ad litem. A prospective plaintiff ad litem has no authority to represent an estate. State ex rel. Tang v. Steelman, 897 S.W.2d 202, 203 (Mo. App. 1995). Second, Plaintiff failed to exhaust her administrative remedies. A person must present her claim to the appropriate federal agency prior to suing in federal court. 28 U.S.C. § 2675(a). A complete presentment includes all claims and evidence of the right to bring the claims. See Mader, 654 F.3d at 805 (representation); McCoy v. United States, 264 F.3d 792, 795 (8th Cir. 2001), cert. denied, 535 U.S. 1053, 122 S.Ct. 1909 (2002) (claim). "[A] claim that fails to satisfy § 2675(a)'s requirements remains inchoate, unperfected, and not judicially actionable." Mader, 654 F.3d at 807.

#### a. Plaintiff Lacks Prudential Standing to Bring Count II.

This Court should dismiss Count II because Plaintiff lacks prudential standing to bring it. Mader, 654 F.3d at 808. "The question of standing involves . . . constitutional limitations on federal-court jurisdiction" and has two components: (1) Article III standing; and (2) prudential standing. Oti Kaga, Inc. v. South Dakota Housing Development Auth., 342 F.3d 871, 878 - 880 (8th Cir. 2003).

4

Prudential standing allows courts "to avoid deciding questions of broad social import where no individual rights would be vindicated and to limit access to the federal courts to litigants best suited to assert a particular claim." Id. at 880. The test for prudential standing "is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in plaintiff's position a right to judicial relief." Warth v. Seldin, 422 U.S. 490, 500, 95 S.Ct. 2797, 2206 (1975). Here, the prudential standing issue is whether the FTCA entitles Plaintiff to relief.

The FTCA places the federal government and private defendants on equal footing. Lozada, 974 F.2d at 988. It provides, in pertinent part, that "the United States may only be liable 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" Mader, 654 F.3d at 808, citing, 28 U.S.C. § 1346(b)(1); § 2674. In other words, if a private defendant cannot be liable to Plaintiff, the federal government cannot be held liable. Id.

In Count II, Plaintiff alleges a lost chance claim. A lost chance claim "address[es] the harm that a patient suffers when the doctors fail to diagnose or adequately treat serious injury or disease." Kivland v. Columbia Orthopaedic Group, LLP, 331 S.W.3d 299, 305 (Mo. banc 2011). It "is a personal injury action which belongs solely to the injured party." Caldwell v. Lester E. Cox Med. Cent-South, 943 S.W.2d 5, 8 (Mo.App. 1997). It compensates a deceased patient who "*does* suffer harm when the doctor fails to diagnose or adequately treat a serious injury or disease." Markham v. Fajatin, 325 S.W.3d 455, 457-458 (Mo.App. 2010), citing, Wollen v. DePaul Health Center, 828 S.W.2d 681, 684 (Mo. banc 1992). "A lost chance of survival action must be brought by the personal representative of the decedent's estate . . . [or a] plaintiff ad litem . . . ." Tang, 897 S.W.2d

5

at 203; MO.REV.STAT. § 537.021.1(1) (2000). Prudential standing requires a plaintiff to have representational authority throughout the lawsuit. Mader, 654 F.3d 808 (no standing because authority expired); Tang, supra. Cf. State ex rel. Cunningham v. Wiggins, 156 S.W.3d 473, 476 (Mo.App. 2005) (plaintiff never appointed lacked standing under similar statute). A *prospective* plaintiff ad litem has no standing to bring a lost chance claim. Tang, supra.

In the instant case, Plaintiff alleges *prospective* plaintiff ad litem status. She claims that she "is or will be Plaintiff ad Litem . . . ." Complaint at ¶ 19. She does not categorically assert that she is authorized to represent Decedent's estate. Instead, she hedges her status. Plaintiff knows whether she is authorized to represent Decedent's estate. She knows whether she appeared before or filed documents with a court authorizing her to represent Decedent's estate. She knows whether a court granted her request to represent Decedent's estate. Plaintiff's allegation that she "is or will be Plaintiff ad Litem" is an admission that she is not, in fact, a plaintiff ad litem. She is merely a *prospective* plaintiff ad litem. Under both Missouri law and the FTCA, neither a private tortfeasor nor the federal government can be legally liable to a *prospective* plaintiff ad litem. Tang, 897 S.W.2d at 203. Thus, Plaintiff lacks standing to bring Count II, and it should be dismissed.

     **b.  Plaintiff Failed to Present Evidence that She Represents Decedent's Estate.**

This Court should also dismiss Count II because Plaintiff failed to present evidence of her representational authority. A proper presentation under 28 U.S.C. § 2675(a) "includes evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law." Mader, 654 F.3d at 803. Such evidence is necessary to allow the agency reviewing the case to engage in meaningful settlement negotiations with the estate's legal representatives. Id. at 802. Negotiations with someone other than the estate's legal representative will "improperly jeopardize[] the time,

6

treasure and superintendence responsibilities of the [D]VA." Id. Thus, where a state law claim belongs to an estate's representative or a plaintiff ad litem, an individual must present her authority to act on the estate's behalf to the appropriate federal agency.

In Mader, plaintiff brought a wrongful death claim for her deceased husband. Nebraska law requires wrongful death claims to "be brought by and in the name of the decedent's personal representative for the exclusive benefit of the widow or widower or next of kin." Mader, 654 F.3d at 801, citing, Neb.Rev.Stat. § 30-810. Plaintiff, however, presented no evidence to DVA that she represented her husband's estate. The Court found that plaintiff needed to present evidence of her representational authority in order to exhaust her administrative remedies. It reasoned that "[t]he presentation of such evidence is not a pointless administrative hurdle - - it is fundamental to the meaningful administrative consideration and settlement process contemplated in §§ 2675(a) and 2672." Id. at 803-804. Since plaintiff did not prove that she represented the estate, the district court properly dismissed her claim or failing to exhaust her administrative remedies. Id. at 805.

Similarly, Missouri law permits only an estate's personal representative or a plaintiff ad litem to bring a lost chance claim. Tang, 897 S.W.2d at 203. A surviving spouse cannot bring such a claim in her individual capacity. Plaintiff, however, presented no evidence in her administrative claim that she had legal authority to represent Decedent's estate. The absence of such evidence is consistent with her Complaint in which she alleges that she "*is or will be* Plaintiff ad litem. . . ." Complaint at ¶ 19. (emphasis added). In other words, Plaintiff presented no evidence of her legal authority to represent Decedent's estate because she lacked such authority when she filed her administrative claim. Plaintiff's failure to present such evidence means that she did not exhaust her administrative remedies with respect to Count II, and this Court lacks subject matter jurisdiction.

Plaintiff might argue that she did not provide evidence of her representational authority because the DVA did not request the information. Indeed, in Mader, the DVA specifically asked Mrs. Mader such information. Mader, 654 F.3d at 799. Plaintiff's argument, however, is unpersuasive for two reasons.

First, a claimant, not the DVA, has an obligation to present a complete claim. The FTCA does not required the DVA to present a claimant's claim. If Plaintiff sought to present a lost chance claim, she needed to demonstrate her right to represent the estate. Such evidence "is uniquely in the representative's possession." Mader, 654 F.3d at 804. Plaintiff cannot shift her duty to fully present a claim to the DVA.

Second, the absence of DVA's document request buttresses the argument that Plaintiff did not, in fact, present a lost chance claim. As Mader demonstrates, the DVA recognizes that only an estate's representative may bring certain claims. When presented with such a claim, the DVA knows how to request information establishing the individual's right to represent the estate. See Mader, 654 F.3d at 799. DVA's failure to request such information from Plaintiff is evidence that Plaintiff's administrative claim did not include a claim requiring someone representing Decedent's estate, i.e., a lost chance claim.

### c.      Plaintiff failed to Present Count II to the DVA.

This Court also lacks subject matter jurisdiction over Count II because Plaintiff did not present it to the DVA for consideration. Presentment under 28 U.S.C. § 2675(a) includes not only evidence that an individual has the authority to act on behalf of the claimant's beneficiaries, but also the claim itself. McCoy, 264 F.3d at 794-795. A court lacks subject matter jurisdiction over those counts that are not included in the administrative claim. Id. at 795 n. 3. See also Provancial v.

United States, 454 F.2d 72, 74-75 (8th Cir. 1972). A plaintiff may "not base any part of his tort action against the United States on claims that were not first presented to the proper administrative agency." McCoy, 264 F.3d at 795.

Plaintiff presented a wrongful death claim to the DVA, not a lost chance claim. For example, she demanded $2,000,000 for wrongful death. Complaint at ¶ 6, Exhibit A at ¶ 12(c). However, a lost chance claim and a wrongful death are different theories of recovery. Markham, 325 S.W.3d at 459. A lost chance claim is a personal injury action which belongs solely to the injured party. Caldwell, 943 S.W.2d at 8. Plaintiff's DVA claim, however, did not seek any recovery for personal injury. Complaint at ¶ 6, Exhibit A at ¶ 12(b). Furthermore, she produced no evidence of her right to represent Decedent's estate. This is necessary in a personal injury case. MO.REV.STAT. § 537.021 (2000); Tang, 897 S.W.2d at 203. If Plaintiff intended to present a lost chance claim to the DVA, she should have requested damages for personal injury and demonstrated her right to represent Decedent's estate. Having failed to present such evidence, Plaintiff is now barred from bringing the lost chance claim.

**B.  Count II Should Be Dismissed Because Plaintiff Alleges No Facts From Which This Court Might Plausibly Find That It Is Impossible to Establish that Defendant's Alleged Negligence Caused the Decedent's Death.**

**1.  Rule 12(b)(6) Standard of Review**

Courts dismiss counts that fail to state a claim. Fed.R.Civ.P. 12(b)(6). Historically, a claim survived a motion to dismiss if it provided "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007), citing, Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957). Twombly, however, "retired the Conley no-set-of-facts test . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 670, 129

9

S.Ct. 1937, 1944 (2009). Counts must now include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 662, 129 S.Ct. at 1949.

Under the new pleading standard, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 562, 127 S.Ct. at 1969. This means that a claim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012), citing, Ashcroft, 556 U.S. at 677-78. Plausability means more than mere speculation. Carton v. Gen. Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010). It means that the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Gomez, 676 F.3d at 660. In drawing these inferences, courts "assume all facts in the complaint to be true and construe[] all reasonable inference[s] most favorably to the complainant." Raynor v. Nat'l Rural Util. Coop. Fin. Corp., 690 F.3d 951, 955 (8th Cir. 2012). However, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Carton, 611 F.3d at 454. Legal conclusions must be supported by factual allegations. Young v. St. John's Mercy Health Sys., No. 4:10CV824 TIA, 2011 WL 9155, at *3 (E.D. Mo. Jan. 3, 2011).

### 2. Count II Fails to State a Claim.

Alternatively, to the extent that Plaintiff argues that the facts presented to DVA support both wrongful death and lost chance claims, Count II should be dismissed because it fails to state a claim. Wrongful death and last chance claims belong to different plaintiffs, protect different interests, and require different causation proof. A wrongful death claim belongs to the decedent's survivors to compensate them for the decedent's loss. Sullivan v. Carlisle, 851 S.W.2d 510, 513-514 (Mo. banc

10

1993). It requires an expert opinion that "but for the defendant's actions or inactions, the patient would not have died." Kivland, 331 S.W.3d at 305. By contrast, a lost chance claim is a personal injury claim that belongs to the decedent and compensates him for harm he suffered. Id. It requires an expert opinion that "it is impossible to establish the patient would have recovered or survived but for the defendant's alleged failure to properly diagnose or treat." Id., citing, Markham, 325 S.W.3d at 460. A lost chance claim that fails to plead the "impossibility" element, but merely re-alleges the negligence allegation in a companion wrongful death claim, is not a lost chance claim at all. Such a "lost chance of survival claim is simply a reassertion of [plaintiff's] wrongful death claim" and should be dismissed. Kivland, 331 S.W.3d at 305-306.

Here, Plaintiff supports the causation element of both her lost chance and wrongful death claims with the same alleged negligent conduct. Nowhere does she allege any facts from which this Court might find that it is impossible for a medical expert to opine that the alleged negligent conduct caused the Decedent's death. In fact, her expert's opinion expressly provides the "but for" causation element necessary for a wrongful death claim. He expressly opines that Defendant's failure "to meet the standard of care caused or contributed to cause [Decedent's] death." Exhibit 1 at p. 4. Significantly, he does not opine that it is impossible to provide such an opinion - the lynchpin causation requirement for a lost chance claim.

Moreover, Plaintiff's lost chance claim alleges word-for-word that the same acts that allegedly caused Decedent's death also support the lost chance claim. For example, Plaintiff alleges in paragraph 16 that "[t]he injuries and death of Decedent *were the direct and proximate result of the negligence and carelessness of Defendant. . . ."* (Emphasis added). Paragraph 21 parrots the operative language. It claims that "Decedent's loss of a chance of survival . . . *was the direct and*

11

*proximate result of the negligence and carelessness of Defendant. . . .*" (Emphasis added). Neither paragraph alleges that it is impossible to determine whether Decedent would have survived but for Decedent's alleged conduct. Instead, both paragraphs claim that "but for" Defendant's conduct Decedent would not have died (Count I) or would have survived (Count II). This is a distinction with no difference. Like Kivland, Plaintiff's lost chance claim is simply a wrongful death claim - - which Plaintiff has already alleged - - repackaged and should be dismissed.

### IV. Conclusion

For the foregoing reasons, Count II of Plaintiff's Complaint should be dismissed.

>Respectfully submitted,
>RICHARD G. CALLAHAN
>United States Attorney
>   */s/ Roger A. Keller, Jr*
>ROGER A. KELLER, JR., #42541
>Assistant United States Attorney
>Thomas F. Eagleton U.S. Courthouse
>111 South Tenth Street,   20th Floor
>St. Louis, MO 63102
>(314)539-2200
>Fax: (314)539-2777
>Email: roger.keller@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Thomas K. Neill
Stephen R. Woodley
Gray, Ritter & Graham, P.C.
701 Market Street, Suite 800
St. Louis, Missouri 63101 - 1826

>*/s/ Roger A. Keller, Jr.*