UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY HAYDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12 CV 2030 DDN |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This action is before the court on the motions of defendant United States of America to dismiss and to strike. (Doc. 6, 8.) The court heard oral argument on March 8, 2013.

**I.  BACKGROUND**

On November 1, 2012, plaintiff Mary Hayden commenced this action against defendant United States of America. (Doc. 1.) According to the complaint, the following occurred. Plaintiff Mary Hayden survives her decedent spouse, Ronald Hayden. (Id. at ¶ 1.) The United States Department of Veterans Affairs employs the staff of John Cochran Veterans Administration Medical Center (VA Medical Center) in St. Louis Missouri. (Id. at ¶ 14.) On April 15, 2011, Ronald Hayden received treatment at the VA Medical Center including a blood glucose test, which revealed that he suffered from severe hypoglycemia. (Id. at ¶¶ 10-11.) However, he left the hospital without treatment or advice regarding this condition. (Id. at ¶¶ 11-12.) Later that day, Ronald Hayden collapsed and died. (Id. at ¶ 13.)

Plaintiff alleges two counts under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. (Id. at ¶ 4.) In Count I, plaintiff alleges a wrongful death claim that defendant's negligent medical treatment caused Ronald Hayden's death. (Id. at ¶¶ 10-17.) In Count II, plaintiff alleges a lost chance of survival claim that the negligent medical treatment of defendant caused Ronald Hayden to lose a significant chance of survival. (Id. at ¶¶ 18-22.) Plaintiff originally demanded a jury trial. (Id. at 1.)

## II.  MOTION TO DISMISS

Defendant moves to dismiss plaintiff's lost chance of survival claim for lack of subject matter jurisdiction.  Specifically, defendant argues that plaintiff lacks standing and that she failed to exhaust her administrative remedies as required by 28 U.S.C. § 2675(a).  Defendant further argues that plaintiff failed to state the lost chance of survival claim by omitting an allegation that Ronald Hayden would have survived absent the alleged medical negligence.  (Doc. 6.)

Plaintiff replies that she anticipates receiving the status of plaintiff at litem on behalf of her decedent spouse.  Plaintiff further replies that she sufficiently presented her claim to exhaust administrative remedies and that she adequately stated the lost chance of survival claim in her judicial complaint.  (Doc. 16.)

Defendant further moves to strike plaintiff's demand for a jury trial, arguing that plaintiff is not entitled to a jury trial under the Federal Tort Claims Act.  (Doc. 8.)  At the hearing, plaintiff did not oppose this motion.

## III.  MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint.[1]  See Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir 2010); Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).  To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To meet the plausibility standard, the complaint must contain "more than labels and conclusions."  Id. at 555.  Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

A motion to dismiss under Rule 12(b)(1) challenges whether the district court possesses subject matter jurisdiction to hear the case.  Johnson v. United States, 534 F.3d 958, 964 (8th Cir. 2008).  Because the jurisdictional dispute can be decided solely on the basis of the relief sought in plaintiff's complaint, the motion "is subject to the same standards as a motion brought under Rule 12(b)(6)."  Mattes v. ABC Plastics, Inc. 323 F.3d 695, 698 (8th Cir. 2003).  Thus, the court confines itself to the complaint, considering all

---

[1] Copies of plaintiff's administrative claim and the response of the United States Department of Health and Human Services are attached to the complaint and may be considered as part of the complaint for all purposes.  See Fed. R. Civ. P. 10(c).

factual allegations as true and drawing all reasonable inferences in plaintiff's favor. Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008).

## IV.  DISCUSSION

Defendant argues that the court lacks subject matter jurisdiction for plaintiff's lost chance of survival claim because plaintiff failed to exhaust her administrative remedies for it as required by 28 U.S.C. § 2675(a).  Specifically, defendant argues that she failed to present evidence of her authority to represent her decedent spouse's estate to the Department of Veterans Affairs.  Plaintiff argues that such evidence is not required and that she adequately exhausted her administrative remedies.

The Federal Claims Tort Act (FTCA) waives sovereign immunity to "permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." Mader v. United States, 654 F.3d 794, 797 (8th Cir. 2011).  In FTCA cases, the federal government's liability is limited to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  Id. (citing 28 U.S.C. §§ 1346(b)(1), 2674.)  "[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law."  Molzof v. United States, 502 U.S. 301, 305 (1992).

"Under section 2675(a), prior presentation of an administrative claim to the appropriate agency is a jurisdictional prerequisite to a suit based on the FTCA." Farmers State Sav. Bank v. Farmers Home Admin., a Div. of the U.S. Dept. of Agric., 866 F.2d 276, 277 (8th Cir. 1989).  "[A] claimant satisfies the notice requirement of section 2675 if he provides in writing (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought."  Id.

In Mader, the Eighth Circuit considered a similar question under the FTCA of whether "personal representatives must also present evidence of their authority to submit a wrongful death claim on behalf of statutory beneficiaries."  Mader, 654 F.3d at 800.  The court stated that, under the relevant state law, wrongful death actions "may only be brought by and in the name of the [decedent's] personal representative for the exclusive benefit of the widow or widower and next of kin."  Id. at 801.  The court also stated that the purpose of the administrative exhaustion requirement is to "provide[] federal agencies a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit."  Id. at 800-01 (referring to 28 U.S.C. § 2672). The court found that federal agencies could not perform these functions without evidence of representational authority and held that "a properly "presented" claim under § 2675(a)

must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law." Id. at 803-04. Because the plaintiff failed to present evidence of authority to the federal agency and therefore failed to satisfy the administrative exhaustion requirement, the court dismissed the wrongful death claim for lack of subject matter jurisdiction. Id. at 808.

Under Missouri law, "[A] lost chance of survival action must be brought by the personal representative of the decedent's estate under [Mo. Rev. Stat.] § 537.020.1" or a plaintiff ad litem under Mo. Rev. Stat. § 537.021. State ex rel. Tang v. Steelman, 897 S.W.2d 202, 203 (Mo. Ct. App. 1995). Under Missouri law, estates are "separate entities, distinct and apart from the individuals who are the decedent's heirs or distributees." McIntosh v. Connecticut Gen. Life Ins. Co., 366 S.W.2d 409, 413 (Mo. 1963). Plaintiff Mary Hayden failed to present evidence of her authority to represent her husband's estate in her claim to the Department of Veterans Affairs. (See Doc. 1 at ¶ 6; Doc. 1-1.)

Plaintiff attempts to distinguish Mader by noting that the plaintiff in that case refused to respond to requests for proof of authority. However, the reasoning of Mader addresses failures to present rather than failures to respond, and the holding expressly requires that plaintiffs "present" such authority. Mader, 654 F.3d at 803-04 ("[W]e hold that a properly "presented" claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law.").

Further, even if Mader did not expressly require evidence of representational authority, plaintiff failed to present the lost chance of survival claim in two respects. First, to satisfy the notice requirement, the notice must identify the claimants. Farmers, 866 F.3d at 277. In her administrative claim, plaintiff identified the claimants as follows: "Mary Hayden, surviving spouse of Ronald J. Hayden; children:  Jeff Hayden, Tara Hayden, and Ashley Hayden; one stepson:  Tim Poe." (Doc. 1, at 8.) The representative of the estate or the estate itself is not shown as a claimant. (Doc. 1-1.)

Second, the administrative FTCA claim does not assert a lost chance of survival claim. The FTCA form at box 12c identifies the claim against the United States only as one for "WRONGFUL DEATH." (Doc. 1, at 8.) Thus, even absent the requirement that claimants present representational authority, plaintiff failed to allege the separate claim under Missouri law for the decedent's lost chance of survival. Cf. Manko v. United States, 830 F.2d 831, 840 (8th Cir. 1987) (failure to state amount of claim is insufficient under FTCA). Accordingly, plaintiff's lost chance of survival claim in this judicial action must be dismissed without prejudice for lack of subject matter jurisdiction.

Defendant also moves to strike plaintiff's demand for a jury trial.  "[A]ny action against the United States under section 1346 shall be tried by the court without a jury except . . .  any action against the United States under section 1346(a)(1)."  28 U.S.C. § 2402.  Plaintiff alleges her wrongful death claim under 28 U.S.C. § 1346(b).  (Doc. 1 at ¶ 4.)  Accordingly, plaintiff is not entitled to a jury trial in this action.  See <u>Estate of Miller v. United States</u>, 157 F. Supp. 2d 1071, 1076 (S.D. Iowa 2001).

### V.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant United States of America to dismiss plaintiff's lost chance of survival claim (Doc. 6.) is sustained.  This claim is dismissed without prejudice.  The action will proceed on plaintiff's wrongful death claim.

**IT IS FURTHER ORDERED** that the motion of defendant United States of America to strike plaintiff Mary Hayden's demand for a jury trial (Doc. 8) is sustained.


_____/S/   David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 19, 2013.