IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY HAYDEN, individually and as plaintiff ad litem,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 4:12 CV 2030 DDN |

## AMENDED COMPLAINT

COMES NOW Plaintiff Mary Hayden, individually and as plaintiff ad litem, by and through her attorneys, and for her Amended Complaint against Defendant United States of America alleges:

1.   Plaintiff Mary Hayden is the surviving spouse of Ronald J. Hayden, deceased (hereinafter "Decedent").

2.   Plaintiff is now and was at all times herein-mentioned a citizen of the United States and resident of Missouri.

3.   Decedent received medical care and treatment at the John Cochran Veterans Administration Medical Center (hereinafter "VA Hospital") located in St. Louis, Missouri within the Eastern District of Missouri.

4.   This is a claim under the Federal Tort Claims Act ("FTCA"), pursuant to 28 U.S.C. §1346 (b) and 28 U.S.C. § 2671 et seq. for damages sustained by Plaintiff.

## Jurisdiction

5.	Plaintiff alleges that agents, servants, and employees of the VA Hospital, while acting in the scope and course of their employment for the United States Government, negligently treated Decedent, causing personal injury and damages and ultimately his death, as more fully set forth below.

6.	On or about February 22, 2012, Plaintiff filed a Federal Tort Claim regarding asserting a wrongful death claim within two years after the claim occurred pursuant to 28 U.S.C. § 2401 (b).  A copy is attached hereto as Exhibit A.

7.	On or about February 28, 2012, the Department of Veterans Affairs denied Plaintiff's February 22, 2012 claim.  A copy of the denial letter is attached to this Complaint as Exhibit B and is incorporated herein by reference.

8.	 On or about March 27, 2013, Plaintiff, as plaintiff ad litem, filed a Federal Tort Claim regarding asserting a claim for lost chance of survival within two years after the claim occurred pursuant to 28 U.S.C. § 2401 (b).  A copy is attached hereto as Exhibit C.

9.	On or about April 5, 2013, the Department of Veterans Affairs denied Plaintiff's March 27, 2013 claim.  A copy of the denial letter is attached to this Complaint as Exhibit D and is incorporated herein by reference.

10.	As such, Plaintiff files this suit pursuant to 28 U.S.C. § 2675 (a).

11.	Jurisdiction of this Court is founded upon the provisions of 28 U.S.C.A. § 1346 (b) and 28 U.S.C.A. §2671  et seq.

## Venue

12.    Venue is proper in the United States District Court, Eastern District of Missouri, pursuant to 28 U.S.C. § 1402 (b) in that St. Louis, Missouri is within the judicial district of the Eastern District of Missouri, Eastern Division, and the cause of action accrued in St. Louis, Missouri.

## General Allegations

13.    Prior to and on April 25, 2011, Defendant accepted Decedent as a patient for the purpose of providing outpatient medical care and treatment to him, including, treatment involving blood glucose tests.

14.    Although a blood glucose test taken at the V.A. Hospital on April 25, 2011 revealed that Decedent had severe hypoglycemia, Defendant allowed Decedent to return to his home that same day without advising admission to the hospital or interventions to raise his blood glucose level.

15.    Prior to Decedent leaving the V.A. Hospital, Defendant failed to treat or control his hypoglycemia.

16.    That same day, after being sent home by Defendant, Decedent collapsed and subsequently died.

17.    At all times herein-mentioned, Defendant was acting by and through its agents, servants, and employees, which agents, servants and employees were acting in the scope and course of their employment with the Department of Veterans Affairs and/or the Department of Health and Human Services, both federal agencies as defined in 28 U.S.C. § 2671.

18. The acts and omissions of the Department of Veterans Affairs and/or the Department of Health and Human Services were those of its agents, servants, and employees who were acting in the scope and course of their agency, service and employment for Defendant.

## Count I–Wrongful Death

COMES NOW Plaintiff, individually, and for Count I herein states as follows:

19. Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1-18.

20. The injuries and death of Decedent were the direct and proximate result of the negligence and carelessness of Defendant in the following respects, to-wit:

    a. Defendant negligently and carelessly failed to treat Decedent's hypoglycemia;

    b. Defendant negligently and carelessly failed to advise admission to the hospital to treat Decedent's severe hypoglycemia;

    c. Defendant negligently and carelessly failed to perform interventions to raise Decedent's blood glucose level;

    d. Defendant negligently and carelessly failed to control Decedent's hypoglycemia;

    e. Defendant negligently and carelessly discharged Decedent to home following his clinic appointment; and

    f. Other negligent and careless acts that discovery and other evidence will reveal.

21. As a direct result of the death of Decedent as aforesaid, Plaintiff and those others entitled to recover herein have forever lost the services, society, companionship, consortium, love, and support of Decedent and for which they pray damages together with all damages which Decedent suffered before his death and for which he would have been entitled to recover had he lived.

WHEREFORE, plaintiff Mary Hayden, individually, prays judgment against Defendant and for her costs expended.

### Count II–Loss of Chance

COMES NOW Plaintiff, as Plaintiff ad litem, and for Count II herein states as follows:

22. Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1-18.

23. Plaintiff Mary Hayden has been appointed plaintiff ad litem and is authorized to bring this cause of action under Mo. Rev. Stat. §537.021 (Supp. 1993).

24. Plaintiff brings this Count II in the alternative to Count I, above.

25. During the course of medical and diagnostic care and treatment, as aforesaid, and as a direct and proximate result of the negligent care and treatment of Defendant in failing to adequately treat Decedent's hypoglycemia, as more fully set forth hereafter, Decedent was caused and allowed to suffer the loss of a significant and substantial chance of survival.

26. Decedent's loss of a chance of survival, as aforesaid, was the direct and proximate result of the negligence and carelessness of Defendant in the following respects:

    a.    Defendant negligently and carelessly failed to treat Decedent's hypoglycemia;

    b.    Defendant negligently and carelessly failed to advise admission to the hospital to treat Decedent's severe hypoglycemia;

    c.    Defendant negligently and carelessly failed to perform interventions to raise Decedent's blood glucose level;

    d.    Defendant negligently and carelessly failed to control Decedent's hypoglycemia;

    e.    Defendant negligently and carelessly discharged Decedent to home following his clinic appointment; and

    f.    Other negligent and careless acts that discovery and other evidence will reveal.

27.    As a direct and proximate result of the negligence and carelessness of Defendant, as aforesaid, Decedent lost a substantial chance of recovery and, as such, Plaintiff is entitled to damages for said loss.

WHEREFORE, Plaintiff Mary Hayden, as plaintiff ad litem, prays judgment against Defendant and for her costs expended.

Date: April 12, 2013

Respectfully submitted,

/s/ **Thomas K. Neill**
   Stephen R. Woodley, 36023MO
   Thomas K. Neill, 51959MO
   Gray, Ritter & Graham, P.C.
   Attorneys for Plaintiff
   701 Market Street, Suite 800
   St. Louis, MO  63101-1826
   (314) 241-5620
   Facsimile:  (314) 241-4140
   swoodley@grgpc.com
   tneill@grgpc.com
   http://www.grgpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2013, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Richard G. Callahan
United States Attorney
Roger A. Keller, Jr.
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO  63102

/s/ **Thomas K. Neill**
   Stephen R. Woodley, 36023MO
   Thomas K. Neill, 51959MO
   Attorney for Plaintiff
   Gray, Ritter & Graham, P.C.
   701 Market Street, Suite 800
   St. Louis, MO  63101-1826
   (314) 241-5620
   Facsimile:  (314) 241-4140