# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARY HAYDEN, ) | |
| individually and as plaintiff ad litem, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12 CV 2030 DDN |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This action is before the court on the motion of defendant United States of America to dismiss.  (Doc. 34.)  The court heard oral argument on May 29, 2013.

## I.  BACKGROUND

On November 1, 2012, plaintiff Mary Hayden commenced this action against the defendant United States of America.  (Doc. 1.)  On March 19, 2013, the court granted defendant's motion to dismiss plaintiff's lost chance of survival claim for failure to exhaust administrative remedies.  (Doc. 26.)  After further correspondence with the Department of Veterans Affairs, on April 18, 2013, plaintiff amended her judicial complaint to include a lost chance of survival claim.  (Docs. 31-32.)

According to the amended complaint, the following occurred.  Plaintiff Mary Hayden survives her decedent spouse, Ronald Hayden.  (Doc. 31 at ¶ 1.)  The United States Department of Veterans Affairs employs the staff of John Cochran Veterans Administration Medical Center (VA Medical Center) in St. Louis Missouri.  (Id. at ¶¶ 3-5.)  On April 25, 2011, Ronald Hayden received treatment at the VA Medical Center including a blood glucose test, which revealed that he suffered from severe

hypoglycemia.  (Id. at ¶¶ 13-14.)  However, he left the hospital without treatment or advice regarding this condition.  (Id. at ¶¶ 14-15.)  Later that day, Ronald Hayden collapsed and died.  (Id. at ¶ 16.)

Plaintiff alleges two counts under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.  (Id. at ¶ 4.)  In Count I, plaintiff, in her individual capacity, alleges a wrongful death claim that defendant's negligent medical treatment caused Ronald Hayden's death.  (Id. at ¶¶ 19-21.)  In Count II, plaintiff, as plaintiff ad litem, alleges a lost chance of survival claim that the negligent medical treatment of defendant caused Ronald Hayden to lose a significant chance of survival.  (Id. at ¶¶ 22-27.)

## II.  MOTION TO DISMISS

Defendant moves under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's lost chance of survival claim for failure to state a claim, arguing that plaintiff failed to allege facts supporting the impossibility of establishing that Ronald Hayden died as a result of defendant's negligence.  Defendant further argues that pleading in the alternative does not cure the pleading defect.  Plaintiff responds that pleading the impossibility of establishing that Ronald Hayden died as a result of defendant's negligence is not required.  (Docs. 35, 38.)

## III.  MOTION TO DISMISS STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the allegations made in the complaint.[1]  See Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir 2010); Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To meet the plausibility standard, the

---

[1] Copies of plaintiff's administrative claims and the responses of the United States Department of Health and Human Services are attached to the complaint and may be considered as part of the complaint for all purposes.  See Fed. R. Civ. P. 10(c).

-2-

complaint must contain "more than labels and conclusions." Id. at 555.  Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## IV.  DISCUSSION

On the Count II lost chance of survival claim, plaintiff specifically alleges she is authorized to bring this claim for damages as plaintiff ad litem under Mo. Rev. Stat. § 537.021.1(1)(1996).[2]  She alleges that, although the blood glucose test performed at the VA Medical Center revealed decedent had severe hypoglycemia, decedent was allowed to leave the hospital without being advised by medical personnel to be admitted or to

---

[2] The relevant part of the Missouri survivorship law, section 537.021.1(1),  provides:
> 1.  The existence of a cause of action for an injury to property, for a personal injury not resulting in death, or for wrongful death, which action survives the death of the wrongdoer or the person injured, or both, shall authorize and require the appointment by a probate division of the circuit court of:
>> (1)  A personal representative of the estate of a person whose property is injured, or a person injured or a person entitled to maintain a wrongful death action upon the death of any such person and such appointment in only those cases involving lost[t] chance of recovery or survival shall be made notwithstanding the time specified in section 473.050, RSMo, for the exclusive purpose of pursuing a cause of action related to such injury or wrongful death; provided that, in such cases, the court in which any such case is brought shall appoint a plaintiff ad litem at the request of the plaintiff or other interested person delineated in section 537.080 and such person shall be entitled to the proceeds of such action.  Such plaintiff ad litem may maintain such action instead of the personal representative of the deceased and may maintain the action as an alternative theory in any action under section 537.080

See Smith v. Tang, 926 S.W.2d 716, 719 (Mo. Ct. App. E.D. 1996) (ruling that only by statute common law tort claims such as lost chance of survival survive the death of the injured party; a wrongful death claim belongs to the decedent's survivors, not the decedent, and it does not vest in the decedent's estate).

undergo treatment or other "interventions to raise his blood glucose level." "That same day, after being sent home by Defendant, Decedent collapsed and subsequently died." (Doc. 31 at 3.)  On the lost chance of survival claim, plaintiff alleges that the negligent care given the decedent was a "direct and proximate result" of decedent suffering "the loss of a significant and substantial chance of survival" and that "[d]ecedent's loss of a chance of survival . . . was the direct and proximate result of the negligence and carelessness of Defendant in [six specifically stated ways]." (Id. at 4-5.)

Defendant argues regarding the Count II lost chance of survival claim that plaintiff fails to state a claim, because the complaint contains no facts supporting the impossibility of establishing that Ronald Hayden died as a result of defendant's negligence. Defendant relies primarily on Kivland v. Columbia Orthopaedic Grp., LLP, 331 S.W.3d 299 (Mo. banc 2011).

Before discussing Kivland, it is important to note that Kivland built on the ruling of the Missouri Supreme Court in Wollen v. DePaul Health Center, 828 S.W.2d 681 (Mo banc 1992). In Wollen, decedent Wollen died from gastric cancer. Plaintiff filed a petition in Missouri circuit court for damages under the Missouri wrongful death statute, § 537.080.[3] The circuit court dismissed this wrongful death claim for failure to state a cause of action, because plaintiff had alleged that, if the defendant medical personnel "had performed appropriate tests, or had correctly interpreted the tests that they had conducted, [they] would have diagnosed that Mr. Wollen was suffering from gastric cancer on January 28, 1988. If Mr. Wollen had been correctly diagnosed, and given appropriate treatment, he would have 'had a thirty percent (30%) chance of survival and cure.'" Wollen, 828 S.W.2d at 681-82. The circuit court sustained the motion to dismiss

---

[3]Section 537.080 provides in relevant part:
> 1. Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensured would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for . . . .

for failure to state a cause of action, because plaintiff failed to plead the causal connection required for the wrongful death claim and refused to amend the petition. Id. at 682.

The Supreme Court in Wollen agreed with the circuit court that plaintiff had not sufficiently alleged a wrongful death claim, because the certainty required in the allegation of causation (i.e., but for the defendant's negligence the decedent would not have died; as stated by the court, "the patient has a disease for which, at the stage the patient seeks diagnosis, there is a cure that works in the overwhelming majority of cases. Death from this type of disease caught at this stage is rare unless either the patient or the doctor is negligent at some stage of the treatment process") was missing. Id. The Supreme Court concluded that plaintiff did not plead this required level of causation for the wrongful death claim.

However, the court determined that plaintiff did plead sufficient facts under another claim, which the court recognized as a viable claim. That claim is the lost chance of recovery (also spoken of as the lost chance of survival). This claim rests on the facts that medical science has a treatment that is successful in a large number of cases but is also unsuccessful in a large number of cases, such that "it is impossible for a medical expert to state with 'reasonable medical certainty' the effect of the failure to diagnose on a specific patient, other than the fact that the failure to diagnose eliminated whatever chance the patient would have had." Id. The issue posed by this claim is "whether a court or a jury can infer from the loss of a thirty percent chance of survival that Mr. Wollen's death resulted from [the alleged] negligence." Id. at 685.

Next, the Supreme Court in Wollen analyzed whether plaintiff brought the case under the correct Missouri statute stating, "[t]he survivorship statute [(§ 537.020)] applies when the injury alleged did *not* cause death, and the wrongful death statute [(§ 537.080)] applies when the injury did cause death." Id. The court, for reasons stated, allowed plaintiff to reconsider whether to amend the petition to sue under the survivorship statute. Id.

In Kivland, the Supreme Court of Missouri discussed the elements of wrongful death and lost chance of survival claims. Specifically, the court stated that wrongful death claim plaintiffs must show that, but for a defendant's negligence, the decedent would not have died. Kivland, 331 S.W.3d at 305. By contrast, the court stated that lost chance of survival claim plaintiffs must show that "it is impossible to establish the patient would have recovered or survived but for the defendant's alleged failure to properly diagnose or treat." Id. The plaintiff therein alleged a wrongful death claim and a lost chance of survival claim, and the court noted that the lost chance of survival claim included one allegation that the wrongful death claim did not. Id. Specifically, the lost chance of survival claim alleged that "[a]s a direct and proximate result of the negligence and carelessness of defendants . . . [decedent] lost a substantial chance of recovery." Id. Significantly for the case at bar, the Missouri Supreme Court stated (albeit in dictum), that because the plaintiff alleged no facts supporting the impossibility of establishing that the defendant's negligence caused the decedent's death, the trial court could have properly dismissed the claim on a motion to dismiss, i.e. for failure to allege an essential element of the claim. Id. at 305-06. The Supreme Court affirmed the trial court's disposition of the claim. Id. at 306. Ultimately, the court stated that plaintiff's allegations of lost chance of survival were in effect, in the factual context of the case, a claim for wrongful death.

Plaintiff argues that, because the applicable Missouri Approved Instructions (Civil) (MAI) 21.08[4] does not include this element of impossibility, such factual

---

[4] MAI 21.08 [1995 Revision] [Verdict Directing]--Lost Chance of Survival states, deleting unnecessary parenthetical facts):

> Your verdict must be for plaintiff, if you believe:
> First, defendant either: (*here set out act or omission complained of),*
> Second, *(state name of decedent)* then had a material chance of [survival] [recovery], and
> Third, defendant, in any one or more of the respects submitted in paragraph First, was thereby negligent, and

-6-

allegations are not required by Missouri law.  This court disagrees.  In Missouri state courts, use of MAI is mandatory, see Mo. S. Ct. R. 70.02(b), except "to the extent they conflict with the substantive law."  Clark v. Missouri & N. Arkansas R.R. Co., Inc., 157 S.W.3d 665, 671 (Mo. Ct. App. 2004).  The current MAI 21.08, promulgated between Wollen and Kivland clearly conflicts with the conclusions of the Missouri Supreme Court expressed in Kivland regarding the need to plead and prove facts to the effect that "it is impossible for a medical expert to state with 'reasonable medical certainty' the effect of the failure to diagnose on a specific patient, other than the fact that the failure to diagnose eliminated whatever chance the patient would have had." Wollen, 828 S.W.2d at 682.  This court believes, as did the Supreme Court in Kivland, that plaintiff's Count II lost chance of survival allegations are a restatement of the Count I wrongful death claim.

The instant case is at the pleading stage.  Had plaintiff not clearly abjured the legal requirement of pleading and proving facts legally sufficient to distinguish the lost chance of recovery claim from the wrongful death claim, as described above, the court might have considered that plaintiff's current amended complaint alleges facts that plausibly indicate a lost chance of survival claim.  But, in this state of the record, that is not the case.  The court will dismiss the Count II claim for lost chance of survival without prejudice to plaintiff further amending the complaint to allege facts in accordance with this opinion.

Defendant also argues that plaintiff has no right to plead in the alternative, because plaintiff brings her claims in separate capacities and neither capacity has legal standing to bring the other capacity's claim.  The court disagrees. The Federal Rules allow a party to plead in the alternative, see Fed. R. Civ. P. 8(d)(2), and they are to be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding." See Fed. R. Civ. P. 1.  Further, while not binding on this procedural issue, Missouri law clearly contemplates pleading wrongful death claims and lost chance of recovery claims in the alternative.  See Mo. Rev. Stat. § 537.021.1(1).

---

> Fourth, as a direct result of such negligence, *(state name of decedent)* lost [all] [or] [a material part of] such chance of [survival][recovery].

## V.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of the defendant United States of America to dismiss plaintiff's Count II claim for lost chance of survival (Doc. 34) is sustained.  The claim is dismissed without prejudice to plaintiff amending the complaint in this regard.

      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 19, 2013.