UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARY HAYDEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:12 CV 2030 DDN |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This action is before the court on the motion of plaintiff Mary Hayden for a more definite statement. (Doc. 48.) The court heard oral argument on September 3, 2013.

**I. BACKGROUND**

On November 1, 2012, plaintiff Mary Hayden commenced this action against defendant United States of America. (Doc. 1.) On February 11, 2013, defendant moved for dismissal of Count II for failure to exhaust administrative remedies, which the court granted on March 19, 2013. (Docs. 6, 26.) On April 18, 2013, plaintiff amended her complaint. (Doc. 31.) On May 1, 2013, defendant moved for dismissal of Count II for failure to state a claim, which the court granted on June 19, 2013. (Docs. 34, 42.) On July 12, 2013, plaintiff filed a second amended complaint. (Doc. 45.)

According to the amended complaint, the following occurred. Plaintiff Mary Hayden survives her decedent spouse, Ronald Hayden. (Id. at ¶ 1.) The United States Department of Veterans Affairs employs the staff of John Cochran Veterans Administration Medical Center (VA Medical Center) in St. Louis, Missouri. (Id. at ¶ 5.) On April 15, 2011, Ronald Hayden received treatment at the VA Medical Center including a blood glucose test, which revealed that he suffered from severe hypoglycemia. (Id. at ¶¶ 13-14.) However, he left the hospital without treatment or advice regarding this condition. (Id. at ¶¶ 14-15.) Later that day, Ronald Hayden collapsed and died. (Id. at ¶ 16.)

Plaintiff alleged two counts under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. (Id. at ¶ 4.) In Count I, plaintiff alleges a wrongful death claim that defendant's negligent medical treatment caused Ronald Hayden's death. (Id. at ¶¶ 19-21.) In Count II, plaintiff alleges a lost chance of survival claim that the negligent medical treatment of defendant caused Ronald Hayden to lose a significant chance of survival. (Id. at ¶¶ 22-27.)

On July 26, 2013, defendant filed an answer to plaintiff's second amended complaint, including the following affirmative defenses:

> 38. The alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of Defendant for whom Defendant has any liability pursuant to the Federal Tort Claims Act.
>
> 39. Plaintiffs' damages and losses, if any, were solely and proximately caused by Decedent or Plaintiffs' own negligence, carelessness, or reckless[] conduct.
>
> 40. Plaintiffs' damages and losses, if any, were solely and proximately caused by Decedent or Plaintiffs' own negligence, carelessness, or recklessness such that the doctrine of comparative fault should be applied to diminish their recovery, if any, by their percentage of fault.
>
> 41. Plaintiffs' damages and losses, if any, were caused or contributed to be caused by Decedent or Plaintiff's own negligence, therefore, their recovery against Defendant, if any, must be diminished by their percentage of fault in this matter.

(Doc. 47 at ¶¶ 38-41.)

## II. DISCUSSION

Plaintiff moves for a more definite statement of defendant's affirmative defenses. Specifically, plaintiff requests that the aforementioned affirmative defenses comply with the standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) – that a pleading must set forth sufficient facts to demonstrate plausibility.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." Resolution Trust Corp. v. Fiala, 870 F. Supp. 962, 977 (E.D. Mo. 1994). Rule 12(e) motions are

generally disfavored, particularly when discovery will clarify the issues. Thrasher v. Missouri State Highway Comm'n, 534 F. Supp. 103, 106 (E.D. Mo. 1981), aff'd, 691 F.2d 504 (8th Cir. 1982); Zamora v. Massey-Ferguson, Inc., 336 F. Supp. 588, 592 (S.D. Iowa 1972).

Plaintiff argues that the affirmative defense pleadings preclude the ability to respond at trial. However, Fed. R. Civ. P. 12(e) by its own terms refers to the ability to respond to the pleadings. Further, defendant's pleadings are not unintelligible nor does plaintiff argue that they are. Rather, plaintiff argues that these allegations do not include sufficient factual detail to indicate that they are plausible, the standard adopted by the Supreme Court for claims under Fed. R. Civ. P. 12(b)(6).

The Supreme Court established the plausibility standard based on the language of Fed. R. Civ. P. 8(a)(2), which requires that, for claims, pleadings must include a statement "showing that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to 'sho[w] that the pleader is entitled to relief.'").

The Supreme Court and the Eighth Circuit Court of Appeals have not yet decided whether the plausibility standard for claims also applies to affirmative defenses. CitiMortgage, Inc. v. Draper & Kramer Mortgage Corp., 2012 WL 3984497, *3 (E.D. Mo. 2012). Federal district courts are split on the issue. E.g., cf. Citimortgage, 2012 WL 3984497 (plausibility standard does not apply to affirmative defenses) with Amerisure Ins. Co. v. Thomas, 2011 WL 3021205, *2-3 (E.D. Mo. 2011) (plausibility standard does apply to affirmative defenses).

Courts that conclude that the plausibility standard should apply to affirmative defenses primarily rely on the principle of evenhandedness in the application of the due process notice requirement. Stated another way, the purpose of judicial pleadings is to provide the opposing parties sufficient information to indicate that "there is some plausible, factual basis for the [alleged affirmative defense] and not simply a suggestion of possibility that it may apply to the case." Citimortgage, 2012 WL 3984497, at *2 (quoting Lucas v. Jerusalem Café, LLC, 2011 WL 1364075, at *2 (W.D. Mo. 2011)); Francisco v. Verizon South, Inc., 2010 WL 2990159, at *7-8 (E.D. Va. 2010) ("'the considerations of fairness, common sense and litigation efficiency' dictate that litigants articulate complaints and affirmative defenses according to the same pleading standards,") (quoting Palmer v. Oakland Farms, Inc., 2010 WL 2605179, at *5

(W.D.Va. 2010))). Another reason for applying the plausibility standard to affirmative defenses was expressed by the district court in Palmer thus:

> Moreover, by applying the *Twombly-Iqbal* heightened pleading standard to affirmative defenses, a plaintiff will not be left to the formal discovery process to find out whether the defense exists and may, instead, use the discovery process for its intended purpose of ascertaining the additional facts which support a well-pleaded claim or defense.

Palmer v. Oakland Farms, Inc., 2010 WL 2605179, at *5.

Courts that decided that the plausibility standard should not be applied to affirmative defenses have adverted to Rule 8(b)'s requirement that a defense be stated "in short and plain terms." F.R.Civ. P. 8(b); U.S. ex rel. Monahan v. Robert Wood Johnson University Hosp. at Hamilton, 2009 WL 4576097, at *5 (D.N.J. 2009), and have required that affirmative defenses be more than "bare bones conclusory allegations." Id. (internal citation omitted). Further, consideration is given to the requirement of Rule 12(b) that every defense to a claim must be asserted in the required responsive pleading. "Given this dictate and the early procedural posture at which defendants commonly must plead affirmative defenses, it is unreasonable to expect Defendant to plead affirmative defenses with the particularity that the [plaintiff's] motion implies is necessary." Id.

This court is persuaded that (a) the language of the rules that apply to the pleading of affirmative defenses,[1] (b) the limitation of discovery relevancy to defendant's **alleged** defense(s) found in Rule 26(b)(1), (c) the good faith basis for the factual support for the alleged defenses certified to by defendant's counsel pursuant to Rule 11(b), (d) the practicality of the temporal constraint on the defendant to allege in the responsive pleading such defenses, and (e) the ability of the plaintiff to learn through discovery the specific facts supporting the affirmative defenses dictate the conclusion that affirmative defenses ought not be required to be **initially** pled according to the plausibility standard required of claims. See Bank of Beaver City v. Sw. Feeders, L.L.C., 2011 WL 4632887, *7 (D. Neb. 2011) ("Rule 8(b) lacks the 'entitlement requirement' that is central to the Supreme Court's reasoning in Twombly and Iqbal."); Wells Fargo & Co. v. United States, 750 F. Supp. 2d 1049, 1051-52 (D. Minn. 2010) ("[N]either Rule

---

[1] Fed. R. Civ. P. 8(b)(1)(A) ("short and plain terms its defense to each claim asserted against it") and 8(c)(1) ("affirmatively state").

8(a)(2) nor any other rule requires a defendant to plead facts "showing" that the plaintiff is not entitled to relief").

Defendant has adequately initially pled its affirmative defenses by affirmatively stating them in short and plain terms as required by the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of plaintiff Mary Hayden for a more definite statement (Doc. 48) is denied.

_____/S/   David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 19, 2013.