UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARY HAYDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12 CV 2030 DDN |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

This action is before the court on the unopposed motion of plaintiff Mary Hayden for approval of a wrongful death settlement and apportionment of damages. (Doc. 61.)

## I. BACKGROUND

On November 1, 2012, plaintiff Mary Hayden commenced this action against defendant United States of America. (Doc. 1.) On February 11, 2013, defendant moved for dismissal of Count II for failure to exhaust administrative remedies, which the court granted on March 19, 2013. (Docs. 6, 26.) On April 18, 2013, plaintiff amended her complaint. (Doc. 31.) On May 1, 2013, defendant moved for dismissal of Count II for failure to state a claim, which the court granted on June 19, 2013. (Docs. 34, 42.)

On July 12, 2013, plaintiff filed a second amended complaint. (Doc. 45.) Plaintiff alleged two counts under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. (Id. at ¶ 4.) In Count I, plaintiff alleges a wrongful death claim that defendant's negligent medical treatment caused Ronald Hayden's death. (Id. at ¶¶ 19-21.) In Count II, plaintiff alleges a lost chance of survival claim that the negligent medical treatment of defendant caused Ronald Hayden to lose a significant chance of survival. (Id. at ¶¶ 22-27.)

## II. FINDINGS OF FACT

In support of her motion, plaintiff has submitted affidavits on behalf of herself and Ron Hayden's surviving children. (Docs. 61-1, 61-2, 61-3, 61-4.) After consideration of the affidavits, the court makes the following findings of fact:

1. Ronald Hayden is deceased.

2. His spouse, Mary Hayden, and his children, Ashley Hayden, Jeff Hayden, and Tara Hayden, are the sole survivors of Ronald Hayden.

3. Mary Hayden retained Gray, Ritter & Graham, P.C., to investigate Ronald Hayden's death and knows that the law firm filed a wrongful death action on her behalf.

4. Each of Ronald Hayden's surviving children knows that Mary Hayden retained Gray, Ritter & Graham, P.C., to investigate Ronald Hayden's death and that the law firm filed a wrongful death action on her behalf.

5. During mediation with representatives of the United States of America, Mary Hayden agreed to a settlement in which the United States of America will pay to Mary Hayden a sum of $199,000.00, pending approval of the court.

6. Each of Ronald Hayden's children knows that Mary Hayden agreed to a settlement in which the United States of America will pay to Mary Hayden a sum of $199,000.00, pending approval of the court.

7. Mary Hayden knows that settlement waives her right to trial and waives her right to pursue further any action for the wrongful death of Ronald Hayden.

8. Mary Hayden finds the settlement fair and reasonable and requests the approval of the court.

9. Mary Hayden knows that, under the terms of the contingency fee agreement with Gray, Ritter & Graham, P.C., the firm will receive 25% of the gross settlement ($49,750.00) in addition to expenses advanced to pursue the case ($11,051.74) for a total of $60,801.74.

10. Each of Ronald Hayden's children knows that, under the terms of the contingency fee agreement with Gray, Ritter & Graham, P.C., the firm will receive 25% of the gross settlement ($49,750.00) in addition to expenses advanced to pursue the case ($11,051.74) for a total of $60,801.74.

11. Each of Ronald Hayden's surviving children agree to allocating the entirety of the net settlement proceeds to Mary Hayden.

12. Mary Hayden knows of her right to a settlement hearing but waives this right.

13. Each of Ronald Hayden's surviving children knows of their right to a settlement hearing and their right to request a portion of the settlement proceeds but waives these rights.

### III. DISCUSSION

Plaintiff moves for approval of the settlement of the wrongful death claim and apportionment of damages. Defendants do not oppose plaintiff's motion. The Missouri Wrongful Death Act allows the survivors of a decedent to recover damages from the party causing the death. Mo. Rev. Stat. § 537.080.1. Survivors of the decedent include the spouse, children, lineal descendants of deceased children, and parents. Id. "The right of action is neither a transmitted right nor a survival right, but is created and vests in the survivors at the moment of death." Sullivan v. Carlisle, 851 S.W.2d 510, 515 (Mo. 1993).

Under Missouri law, any survivor may settle a wrongful death claim with the approval of the court but must share the settlement with others who are entitled to join the claim and of whom the court has written notice. Mo. Rev. Stat. § 537.095.1. Further, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages,

apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court." Id. § 537.095.3.

The court concludes that the terms of the settlement with defendant United States of America are fair and reasonable. Plaintiff entered into the settlement agreement with informed consent and with knowledge of the effect of the contingency agreement on her settlement proceeds. Further, the court concludes that Ronald Hayden's surviving children, Ashley Hayden, Jeff Hayden, and Tara Hayden voluntarily and knowingly waived their rights to the settlement proceeds and agreed to apportion the entirety of the net settlement proceeds to plaintiff. Accordingly, the court approves both the settlement of the wrongful death claim and the apportionment of the settlement proceeds.

An appropriate Judgment Order is issued herewith.

       /S/   David D. Noce       
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 11, 2014.